UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

**JACQUELINE SMITH,**

Plaintiff,

vs. Case No.

**CO/OP OPTICAL SERVICES, INC.**
a Michigan non-profit corporation,

Defendant.

---

SOMMERS SCHWARTZ, P.C.
BY: DANIEL D. SWANSON, (P-29288)
JESSE L. YOUNG, (P-72614)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan 48075
(248) 355-0300
dswanson@sommerspc.com
jyoung@sommerspc.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, JACQUELINE SMITH, by and through her attorneys, SOMMERS SCHWARTZ, P.C. and for her Complaint against Defendant, CO/OP OPTICAL SERVICES, INC., states as follows:

**PARTIES**

1. Plaintiff, JACQUELINE SMITH ("SMITH"), is an individual residing in the City of Southfield, Oakland County, Michigan.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

2. Defendant, CO/OP OPTICAL SERVICES, INC. ("CO/OP OPTICAL"), is a Michigan non-profit corporation, with its principal offices located in the City of Detroit, Wayne County, Michigan.

**JURISDICTION AND VENUE**

3. Jurisdiction and venue in this Court are founded in the diversity of citizenship among the parties and the amount in controversy, which exceeds Seventy-Five Thousand ($75,000.00) Dollars exclusive of any costs, attorney fees, or interest. 28 U.S.C. § 1332.

4. The controversy in this civil action is otherwise within the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

6. CO/OP OPTICAL is a non-profit corporation that manages eye-care coverage for its members, including the entire process of producing their eyewear. It holds itself out as one of the leading vision care providers in southeast Michigan. See *http://www.coopoptical.com/about.html*.

7. In 1978, SMITH began her employment with CO/OP OPTICAL as a receptionist.

8. Throughout her employment with CO/OP OPTICAL, SMITH excelled and consistently received exemplary performance evaluations.

9. Utilizing her exceptional leadership and management skills, SMITH worked her way up through the company and eventually became its President and CEO in 2003.

10. Subsequently, CO/OP OPTICAL flourished under SMITH's leadership, as its revenues increased by approximately $5.3 million between 2006 and 2008. Moreover, Smith was personally responsible for approximately 60% of the new business CO/OP OPTICAL received during her tenure as President and CEO of the company.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

11. On December 8, 2009, a letter was issued to CO/OP OPTICAL's Board of Directors by its corporate counsel alleging that SMITH had misappropriated, or stolen, funds from CO/OP OPTICAL by way of her use of a corporate credit card.

12. On December 14, 2009, SMITH was informed of the allegations made against her in an Officers' meeting. During this meeting, SMITH was asked to leave the room several times. Later that night, SMITH found a copy of the December 8, 2009 letter on a main fax machine at the CO/OP OPTICAL headquarters.

13. Several days later, SMITH received another copy of the December 8, 2009 letter in the mail from an anonymous source.

14. Upon information and belief, CO/OP OPTICAL caused the allegations of theft made against SMITH to be published to third parties. Moreover, rumors of SMITH's alleged theft were rampant throughout the company.

15. On or about January 14, 2010, an investigative committee consisting of members of CO/OP OPTICAL's Board of Directors, Bernice Adams, Blair McGowan, Raymond Murphy, and Marc Stepp, met and ultimately determined that the allegations of misappropriation and/or theft made against SMITH were untrue.

16. Throughout her tenure as President and CEO of CO/OP OPTICAL, SMITH was the subject of sexually discriminatory comments, requests, and actions by members of CO/OP OPTICAL's Board of Directors:

a. CO/OP OPTICAL's Board members consistently complained that more would get done with men making all the decisions.

b. In May 2008, upon SMITH's return from a hospitalization, Marc Stepp told SMITH that she "would not get pregnant if [she] kept her legs closed," implying that SMITH had been hospitalized for an abortion.

c. For nearly every Board meeting between 2008 and January 2010, Raymond Murphy and Marc Stepp requested that SMITH make plates of food for themselves and their wives.

d. In December 2009 or January 2010, Raymond Murphy physically grabbed SMITH's rear end.

17. Due to the false allegations of theft made against her and the sexually discriminatory actions she experienced, SMITH began experiencing symptoms of severe stress and mental anguish.

18. On January 29, 2010, SMITH saw a psychiatrist, who subsequently recommended that SMITH take an immediate medical leave from CO/OP OPTICAL.

19. On January 29, 2010, SMITH requested and CO/OP OPTICAL approved her FMLA leave from January 29, 2010 until April 1, 2010.

20. On January 29, 2010, SMITH then had a meeting in her office with Marc Stepp and Raymond Murphy, wherein SMITH informed them that her psychiatrist had placed SMITH on immediate medical leave until April 1, 2010.

21. Upon informing Marc Stepp and Raymond Murphy of her intention to take this FMLA leave, they reacted negatively and attempted to dissuade her from taking the leave. Specifically, Marc Stepp asked SMITH if anyone else knew of her impending FMLA leave. Upon learning that SMITH had already submitted her FMLA paperwork to Human Resources, Stepp requested that SMITH: (1) retrieve the FMLA paperwork from Human Resources (i.e., void her request); (2) take a two-week vacation; and (3) return to work.

22. As a result of this meeting with Stepp and Murphy on January 29, 2010, SMITH subsequently retrieved the FMLA paperwork from Human Resources on the same day (i.e., voided her FMLA request).

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

23. After thinking about it further, SMITH ultimately decided to take her FMLA leave. On February 1, 2010, SMITH resubmitted the FMLA paperwork to Human Resources and immediately went off work for her FMLA leave.

24. SMITH was scheduled to return to CO/OP OPTICAL from her FMLA leave on April 1, 2010.

25. During SMITH's FMLA leave, CO/OP OPTICAL contacted SMITH on numerous occasions requesting her assistance in the day-to-day operations of the company.

26. During SMITH's FMLA leave, Marc Stepp contacted SMITH on numerous occasions to inquire about when she planned on returning to work.

27. On or about March 15, 2010, CO/OP OPTICAL requested that SMITH immediately resign her employment. SMITH was shocked by this request and refused to do so.

28. On or about March 17, 2010, Marc Stepp and Raymond Murphy met with SMITH and again requested that she resign.

29. On or about March 18, 2010, SMITH was terminated by CO/OP OPTICAL. Specifically, a Board meeting was held wherein SMITH was voted out as President and CEO with a 5-4 vote.

30. Two Board members did not attend the March 18, 2010 Board meeting.

31. As SMITH left the March 18, 2010 Board meeting, she overheard Marc Stepp make an inappropriate sexual comment regarding SMITH and her husband.

32. SMITH was subsequently replaced as Interim President and CEO by, a male, Benjamin Edwards.

33. On August 3, 2010, SMITH sent CO/OP OPTICAL a letter requesting that it publish a retraction of its false December 2009 allegations of misappropriation, or theft made against SMITH.

34. To date, CO/OP OPTICAL has refused or otherwise failed to publish a retraction of its false December 2009 allegations made against SMITH.

**COUNT I: VIOLATION OF FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §2601 *et seq.* — RETALIATION**

35. SMITH incorporates by reference Paragraphs 1 through 34 of this Complaint.

36. SMITH was an eligible "employee" as defined by the FMLA. 29 U.S.C. §2611(2)(B)(ii).

37. CO/OP OPTICAL is an "employer" as defined by the FMLA. 29 U.S.C. §2611(4).

38. Under FMLA, SMITH was entitled to twelve (12) weeks of medical leave for any twelve (12) month period. 29 U.S.C. §2612(a)(1).

39. SMITH requested and CO/OP OPTICAL approved FMLA leave for her due to a serious health condition for the period commencing January 29, 2010 and ending April 1, 2010.

40. As a result of exercising her rights under the FMLA, SMITH suffered an adverse employment action (being fired) and CO/OP OPTICAL violated the FMLA in the following manner:

a. Retaliating against SMITH because of her required family medical leave of absence.

b. Treating SMITH more harshly than employees who did not take a family medical leave of absence.

c. Terminating SMITH's employment because of her family medical leave of absence.

d. Otherwise discriminating against SMITH because of her family medical leave of absence under the FMLA.

41. There is a causal connection between SMITH's protected FMLA activity and the adverse employment action taken by CO/OP OPTICAL.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

42. CO/OP OPTICAL knowingly and deliberately engaged in intentional violations of the FMLA and further, acted with malice and/or with reckless indifference to SMITH's rights under the FMLA.

43. As a direct and proximate result of CO/OP OPTICAL's adverse actions, SMITH has suffered damages, including but not limited to loss of past and future income and loss of employee benefits.

**WHEREFORE**, Plaintiff, JACQUELINE SMITH, requests that this Court enter its Judgment against Defendant CO/OP OPTICAL SERVICES, INC. in whatever amount of damages is shown to be established by the proofs in this cause, together with compensatory damages, liquidated damages, interest, costs, and attorney fees in accordance with 29 U.S.C. §2617(a)(3) as well as any equitable relief shown to be established by the proofs in this cause.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

**COUNT II: VIOLATION OF FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §2601 *et seq.* — INTERFERENCE**

44. SMITH incorporates Paragraphs 1 through 43 of this Complaint.

45. The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C. §2615.

46. CO/OP OPTICAL engaged in a prohibited act under the FMLA by preventing SMITH from resuming her position as Account Executive. 29 U.S.C. §2614.

47. SMITH gave CO/OP OPTICAL adequate notice of her serious medical condition and resulting need for a family medical leaves and CO/OP OPTICAL granted the requested leave.



LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

48. CO/OP OPTICAL knowingly and deliberately engaged in intentional violations of the FMLA and further, acted with malice and/or with reckless indifference to SMITH's rights under the FMLA.

49. As a direct and proximate result of CO/OP OPTICAL's adverse actions, SMITH has suffered damages, including but not limited to loss of past and future income and loss of employee benefits.

**WHEREFORE**, Plaintiff, JACQUELINE SMITH, requests that this Court enter its Judgment against Defendant CO/OP OPTICAL SERVICES, INC. in whatever amount of damages is shown to be established by the proofs in this cause, together with compensatory damages, liquidated damages, interest, costs, and attorney fees in accordance with 29 U.S.C. § 2617(a)(3) as well as any equitable relief shown to be established by the proofs in this cause.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

**COUNT III: VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT, MCL § 37.2201 *et seq.* — GENDER DISCRIMINATION**

50. SMITH incorporates by reference paragraphs 1 through 49 of this Complaint.

51. At all relevant times, CO/OP OPTICAL was an "employer" within the meaning of the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2201.

52. At all relevant times, CO/OP OPTICAL had a duty under the ELCRA not to discriminate, harass, and/or retaliate against SMITH because of her gender. *See* MCL §37.2202.

53. CO/OP OPTICAL violated SMITH's civil rights under the ELCRA by:

a. Discriminating against SMITH on the basis of her gender.

b. Intentionally interfering with SMITH's ability to perform her job functions.

c. Terminating SMITH's employment.

d. Other acts and/or omissions which shall become known during discovery.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

54. CO/OP OPTICAL knowingly and deliberately engaged in intentional acts of discrimination and violations of the ELCRA and further, acted with malice and/or with reckless indifference to SMITH's rights under the ELCRA.

55. CO/OP OPTICAL's stated justification for SMITH's termination is false and is a mere pretext designed to mask the unlawful discriminatory motivation behind its decision to terminate SMITH.

56. As a direct and proximate result of CO/OP OPTICAL's adverse actions, SMITH has suffered damages, including but not limited to loss of past and future income and employee benefits, physical injuries, mental anxiety and emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff, JACQUELINE SMITH, requests that this Court enter its Judgment against Defendant CO/OP OPTICAL SERVICES, INC. in whatever amount is shown to be established by the proofs in this cause, together with compensatory damages, interest, costs, and attorney fees in accordance with MCL §37.2802 as well as any equitable relief shown to be established by the proofs in this cause.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

## COUNT IV: DEFAMATION

57. SMITH incorporates by reference paragraphs 1 through 56 of this Complaint.

58. CO/OP OPTICAL caused statements to be published to its employees alleging that SMITH had misappropriated, or stolen, funds from CO/OP OPTICAL by way of her use of a corporate credit card.

59. CO/OP OPTICAL made and/or published the statements with the knowledge that they were false and/or with reckless disregard of whether or not the statements were false.

60. CO/OP OPTICAL's communications about SMITH were not privileged.

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

61. CO/OP OPTICAL's communications about SMITH were false.

62. CO/OP OPTICAL was guilty of fault amounting to at least negligence in publishing and/or making the communications about SMITH.

63. SMITH requested in writing that CO/OP OPTICAL issue a retraction of its false statements.

64. CO/OP OPTICAL refused and declined to retract the false and defamatory statements.

65. CO/OP OPTICAL's communications caused SMITH special harm and are actionable even in the absence of special harm.

66. As a direct and proximate result of CO/OP OPTICAL's false and defamatory statements, SMITH has suffered damages, including but not limited to loss of past and future income and employee benefits, mental anxiety and distress, and loss of reputation.

WHEREFORE, Plaintiff, JACQUELINE SMITH, respectfully requests that this Court enter its Judgment against Defendant CO/OP OPTICAL SERVICES, INC. in whatever amount is shown to be established by the proofs in this cause, plus exemplary and punitive damages if SMITH's request for retraction was ignored, together with interest, costs, and attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

SOMMERS SCHWARTZ, P.C.

/s/ Jessie L. Young

DANIEL D. SWANSON, (P-29288)
JESSE L. YOUNG, (P-72614)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan 48075
(248) 355-0300
dswanson@sommerspc.com
jyoung@sommerspc.com

Dated: August 25, 2010

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

**JACQUELINE SMITH,**

Plaintiff,

vs. Case No.

**CO/OP OPTICAL SERVICES, INC.**
a Michigan non-profit corporation,

Defendant.

---

SOMMERS SCHWARTZ, P.C.
BY: DANIEL D. SWANSON, (P-29288)
JESSE L. YOUNG, (P-72614)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan 48075
(248) 355-0300
dswanson@sommerspc.com
jyoung@sommerspc.com

---

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff, by her attorneys, SOMMERS SCHWARTZ, P.C., demands a trial by jury in this cause.

SOMMERS SCHWARTZ, P.C.

/s/ Jessie L. Young
DANIEL D. SWANSON, (P-29288)
JESSE L. YOUNG, (P-72614)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan 48075
(248) 355-0300
dswanson@sommerspc.com
jyoung@sommerspc.com

Dated: August 25, 2010