UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE SMITH,

        Plaintiff,

v.

CO/OP OPTICAL SERVICES, INC.,
a Michigan non-profit corporation,

        Defendant.                       /

Case No.:  2:10-cv-13470

Honorable Patrick J. Duggan

Magistrate Judge Mark A. Randon

**DEFENDANT'S FIRST AMENDED ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

Defendant, Cooperative Optical Services, Inc. (incorrectly identified as Co/Op Optical Services, Inc.), by and through its attorneys, Plunkett Cooney, for its First Amended Answer to Complaint states:

**Parties**

1.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 1 of the Complaint.

2.     Answering paragraph 2 of the Complaint, Defendant admits that Cooperative Optical Services, Inc. is a Michigan non-profit corporation with its principal office located in the City of Detroit, Wayne County, Michigan.  As far as Defendant is aware, there is no legal entity known as Co/Op Optical Services, Inc.

**Jurisdiction and Venue**

3.     Defendant denies the allegations in paragraph 3 of the Complaint as they are untrue.  However, Defendant does not contest jurisdiction or venue.

4.     Answering paragraph 4 of the Complaint, Defendant does not contest jurisdiction.

5.     Answering paragraph 5 of the Complaint, Defendant does not contest venue.

**General Allegations**

6. Defendant admits the allegations in paragraph 6 of the Complaint.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint as they are untrue in the manner and form alleged

9. Answering paragraph 9 of the Complaint, Defendant admits that Smith became its president and CEO in 2003. Defendant denies the remaining allegations in the paragraph as they are untrue in the manner and form alleged.

10. Defendant denies the allegations in paragraph 10 of the Complaint as they are untrue in the manner and form alleged.

11. Defendant denies the allegations in paragraph 11 of the Complaint as they are untrue.

12. Answering paragraph 12 of the Complaint, Defendant admits Smith was informed of certain concerns regarding financial improprieties, but denies the remaining allegations in the first two sentences of this paragraph, in the manner and form alleged. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph.

13. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint as they are untrue.

15. Defendant denies the allegations in paragraph 15 of the Complaint as they are untrue.

16.     Defendant denies the allegations in paragraph 16 and each of the subparts (a) through (d) of the Complaint as they are untrue.

17.     Answering paragraph 17 of the Complaint, Defendant denies that it made false allegations of theft against Smith and also denies that she experienced sexually discriminatory actions. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

18.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 18 of the Complaint.

19.     Answering paragraph 19 of the Complaint, Defendant admits that Smith requested leave and that Defendant approved the request, but denies that it was on January 29, 2010, and further denies it was until April 1, 2010.

20.     Defendant denies the allegations in paragraph 20 of the Complaint, in the manner and form alleged.

21.     Defendant denies the allegations in paragraph 21 of the Complaint, in the manner and form set forth, as they are untrue.

22.     Answering paragraph 22 of the Complaint, Defendant denies that Plaintiff "voided her FMLA request" as it has no record that she made such a prior request. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

23.     Answering paragraph 23 of the Complaint, Defendant admits that on February 1, 2010, Smith submitted to human resources paperwork that included, among other things, a request for leave under the FMLA. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph.

24.     Defendant admits the allegations in paragraph 24 of the Complaint.

25.     Defendant denies the allegations in paragraph 25 of the Complaint as they are untrue in the manner and form alleged.

26.     Defendant denies the allegations in paragraph 26 of the Complaint, in the manner and form alleged, as they are untrue.

27.     Defendant denies the allegations in paragraph 27 of the Complaint in the manner and form alleged.  Defendant admits that, on or about March 15, 2010, certain members of Defendant's Board of Directors discussed with Smith the possibility of resigning as President and CEO.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph.

28.     Defendant denies the allegations in paragraph 28 of the Complaint in the manner and form alleged.  Defendant admits that on or about March 17, 2010 Marc Stepp and Raymond Murphy met with Smith and others to discuss Smith's resignation.

29.     Answering paragraph 29 of the Complaint, Defendant admits that, on or about March 18, 2010, the Board of Directors, by a 5-3 vote, removed Smith as President and CEO.  Smith's vote was not counted due to the conflict of interest.

30.     Defendant admits the allegations in paragraph 30 of the Complaint.

31.     Defendant denies the allegations in paragraph 31 of the Complaint as they are untrue.

32.     Defendant admits the allegations in paragraph 32 of the Complaint.

33.     Defendant denies the allegations in paragraph 33 of the Complaint in the manner and form alleged.  Defendant admits that on August 3, 2010, Smith, through her attorney, sent to Defendant a letter requesting that it retract certain alleged statements.  Defendant denies that it

made "false December 2009 allegations of misappropriation, or theft" against Smith as alleged in the paragraph.

36. Defendant denies the allegations in paragraph 34 of the Complaint in the manner and form alleged. Defendant admits that it has not published a "retraction." Defendant denies that it made false allegations against Smith.

### Count I: Violation of Family Medical Leave Act
### 29 USC §2601 *et seq*. – Retaliation

35. Defendant incorporates by reference its answers to the preceding paragraphs as though fully set forth here.

36. The allegation contained in paragraph 36 of the Complaint is merely a conclusion of law to which no responsive pleading by Defendant is required. To the extent that the paragraph contains any factual assertions, Defendant denies them.

37. The allegation contained in paragraph 37 of the Complaint is merely a conclusion of law to which no responsive pleading by Defendant is required. To the extent that the paragraph contains any factual assertions, Defendant denies them.

38. The allegation contained in paragraph 38 of the Complaint is merely a conclusion of law to which no responsive pleading by Defendant is required. To the extent that the paragraph contains any factual assertions, Defendant denies them.

39. Defendant denies the allegations in paragraph 39 of the Complaint in the manner and form alleged. Defendant admits that Smith requested leave under the FMLA on February 1, 2010. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

40. Defendant denies the allegations in paragraph 40, including subparagraphs (a) through (d), of the Complaint as they are untrue.

41. Defendant denies the allegations in paragraph 41 of the Complaint as they are untrue.

42. Defendant denies the allegations in paragraph 42 of the Complaint as they are untrue.

43. Defendant denies the allegations in paragraph 43 of the Complaint as they are untrue.

WHEREFORE, Defendant Cooperative Optical Services, Inc. respectfully requests this Court to dismiss Plaintiff's claims with prejudice and award to it costs and attorney fees.

### Count II: Violation of the Family Medical Leave Act
### 29 USC §2601 *et seq.* - Interference

44. Defendant incorporates by reference its answers to the preceding paragraphs as though fully set forth here.

45. The allegation contained in paragraph 45 of the Complaint is merely a conclusion of law to which no responsive pleading by Defendant is required. To the extent that the paragraph contains any factual assertions, Defendant denies them.

46. Defendant denies the allegations in paragraph 46 of the Complaint as they are untrue.

47. Answering paragraph 47 of the Complaint, Defendant admits that it granted Smith the requested leave. Defendant denies the remaining allegations in the paragraph as they are untrue.

48. Defendant denies the allegations in paragraph 48 of the Complaint as they are untrue.

49. Defendant denies the allegations in paragraph 49 of the Complaint as they are untrue.

WHEREFORE, Defendant Cooperative Optical Services, Inc. respectfully requests this Court to dismiss Plaintiff's claims with prejudice and award to it costs and attorney fees.

### Count III: Violation of Elliot Larsen Civil Rights Act, MCL §37.2201 *et seq.* – Gender Discrimination

50. Defendant incorporates by reference its answers to the preceding paragraphs as though fully set forth here.

51. The allegation contained in paragraph 51 of the Complaint is merely a conclusion of law to which no responsive pleading by Defendant is required. To the extent that the paragraph contains any factual assertions, Defendant denies them.

52. The allegation contained in paragraph 52 of the Complaint is merely a conclusion of law to which no responsive pleading by Defendant is required. To the extent that the paragraph contains any factual assertions, Defendant denies them.

53. Defendant denies the allegations in paragraph 53, including subparagraphs (a) through (d) of the Complaint as they are untrue.

54. Defendant denies the allegations in paragraph 54 of the Complaint as they are untrue.

55. Defendant denies the allegations in paragraph 55 of the Complaint as they are untrue.

56. Defendant denies the allegations in paragraph 56 of the Complaint as they are untrue.

WHEREFORE, Defendant Cooperative Optical Services, Inc. respectfully requests this Court to dismiss Plaintiff's claims with prejudice and award to it costs and attorney fees.

### Count IV: Defamation

57. Defendant incorporates by reference its answers to the preceding paragraphs as though fully set forth here.

58. Defendant denies the allegations in paragraph 58 of the Complaint as they are untrue.

59. Defendant denies the allegations in paragraph 59 of the Complaint as they are untrue.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint. Plaintiff's Complaint is insufficient as it does not identify with any specificity the "communications" to which it refers, nor does it identify with any specificity to whom the communications were published.

61. Defendant denies the allegations in paragraph 61 of the Complaint in the manner and form alleged. Plaintiff's Complaint failed to specifically identify the "communications" to which it refers. To the extent that Defendant can understand the allegations in this paragraph, it denies that it ever made any false communications about Smith.

62. Defendant denies the allegations in paragraph 62 of the Complaint as they are untrue.

63. Defendant denies the allegations in paragraph 63 of the Complaint in the manner and form alleged. Defendant admits that Smith, through her attorney, sent to Defendant a letter requesting that it retract certain alleged statements. Defendant denies that it made false statements against Smith as alleged in the paragraph.

64. Defendant denies the allegations in paragraph 64 of the Complaint in the manner and form alleged. Defendant admits that it has not published a "retraction." Defendant denies that it made false allegations against Smith.

65. Defendant denies the allegations in paragraph 65 of the Complaint as they are untrue.

66. Defendant denies the allegations in paragraph 66 of the Complaint as they are untrue.

WHEREFORE, Defendant Cooperative Optical Services, Inc. respectfully requests this Court to dismiss Plaintiff's claims with prejudice and award to it costs and attorney fees.

Respectfully submitted,

*s/* Mary P. Cauley
Mary Patricia Cauley
Plunkett Cooney
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
Telephone: (248) 901-4062
E-Mail: mcauley@plunkettcooney.com
(P38548)

Attorneys for Defendant

## AFFIRMATIVE DEFENSES

Defendant, Cooperative Optical Services, Inc., for the defenses that it may or will rely on at trial states:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate damages.

3. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

4. Any and all statements made by Defendant with respect to Plaintiff were true.

5.  Defendant reserves the right to add affirmative defenses as they become known throughout the course of discovery.

> Respectfully submitted,
>
> *s/* Mary P. Cauley
> Mary Patricia Cauley
> Plunkett Cooney
> 38505 Woodward Ave., Suite 2000
> Bloomfield Hills, MI 48304
> Telephone:  (248) 901-4062
> E-Mail:  mcauley@plunkettcooney.com
> (P38548)
>
> Attorneys for Defendant

## **RELIANCE ON JURY DEMAND**

Defendant, Cooperative Optical Services, Inc., relies on the Plaintiff's jury demand in this action.

> Respectfully submitted,
>
> *s/* Mary P. Cauley
> Mary Patricia Cauley
> Plunkett Cooney
> 38505 Woodward Ave., Suite 2000
> Bloomfield Hills, MI 48304
> Telephone:  (248) 901-4062
> E-Mail:  mcauley@plunkettcooney.com
> (P38548)
>
> Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE SMITH,

    Plaintiff,

v.

CO/OP OPTICAL SERVICES, INC.,
a Michigan non-profit corporation,

    Defendant.        /

Case No.:  2:10-cv-13470

Honorable Patrick J. Duggan

Magistrate Judge Mark A. Randon

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 29th day of October 2010 a copy of Defendant's First Amended Answer to Complaint, Affirmative Defenses and Reliance on Jury Demand and this Certificate of Service were served upon the following parties either electronically or by depositing said copies in the U.S. Mail, postage prepaid:

Jesse L. Young (P72614)  
Sommers Schwartz, P.C.  
2000 Town Center, Suite 900  
Southfield, MI 48075  

and all parties who are registered ECF filers in this matter

Respectfully submitted,

   *s/* Mary P. Cauley
Mary Patricia Cauley
Plunkett Cooney
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
Telephone:  (248) 901-4062
E-Mail:  mcauley@plunkettcooney.com
(P38548)

Attorneys for Defendant

Open.17606.02988.10408995-1