UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE SMITH,

       Plaintiff,

v.

CO/OP OPTICAL SERVICES, INC.,
a Michigan non-profit corporation,

       Defendant.
_____/

Case No.:  2:10-cv-13470

Honorable Patrick J. Duggan

Magistrate Judge Mark A. Randon

## STIPULATED PROTECTIVE ORDER

       It being represented to the Court that the parties have requested documents from each other and which documents may involve confidential information, privileged information, medical information, proprietary materials, and development and/or commercial information belonging to either party, including, but not limited to, documents exchanged with the State of Michigan's Office of Financial and Insurance Regulation ("OFIR"); and,

       It being represented to the Court that the parties are herewith producing copies of such documents for inspection and view in accordance with the terms of this Protective Order; and,

       It being represented to the Court that the parties are in agreement as to the terms of this Agreed Protective Order;

       IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26 that:

(1)      The parties will disclose documents that they designate as "Confidential" by prominently marking each such document with the "CONFIDENTIAL"

designation and as otherwise provided pursuant to this Protective Order under the conditions that follow.  Any party my challenge a "Confidential" designation.

(2)    Any and all of the aforesaid documents and materials disclosed by the parties, all copies or digital images and the contents thereof shall be maintained in confidence by the parties and their attorneys.

(3)    Any and all of the aforesaid documents and materials produced by the parties and the copies or digital images and contents thereof shall be used only in connection with the above-captioned action and shall not be used for any other purpose whatsoever.

(4)    No person who examines any documents or materials produced pursuant to this Order shall disseminate orally, in writing, or by any other means, the documents or materials, copies or digital images thereof, or the information contained therein, to any person not also authorized to examine the documents and materials under the terms of this Order.

(5)    The parties and their attorneys may permit a consultant or expert to review the documents and materials subject to this Protective Order; however, the parties' attorneys must first obtain from such consultant or expert a written statement confirming the consultant's or expert's agreement to comply with each of the terms of this Protective Order. Each such consultant or expert shall agree in writing that such documents and materials, and the contents thereof, shall not be disclosed to any other person or entity and that said documents and materials shall not be photocopied or reproduced by any means.  Any documents or materials provided to any such consultant or expert must be returned to the party

or destroyed within thirty (30) days of the conclusion of the above-referenced case pursuant to the terms of Paragraph 8 below.

(6)    Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds, including, but not limited to, relevance, materiality, privilege, or other grounds.

(7)    Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or to use as evidence at the trial of this action any of the documents or materials subject to this Protective Order; and nothing contained herein shall be construed as a waiver of any objection which might be raised by any party as to the admissibility into evidence of any documents or other materials.

(8)    At the conclusion of this action by settlement, jury verdict, non-suit, dismissal, or other disposition, by judgment order or otherwise, all of the documents and materials produced by the parties and designated as "Confidential, Privileged or Proprietary" pursuant to this Protective Order, including any and all copies or renditions made from such documents and materials, shall, at either party's request, be returned to said party, through their counsel, or shredded and properly disposed of, within thirty (30) days following the conclusion of this action. Counsel for the parties may retain one copy of the covered documents with their file for the sole and exclusive purpose of use in a subsequent action involving the relationship between the parties and their attorneys. Such documents must be kept in a sealed envelope, which seal can only be broken upon Order of a court or other judicial forum hearing such a matter.

(9)    A breach of the terms of this Protective Order shall entitle either party to

appropriate sanctions, including but not limited to attorneys' fees and costs incurred in the enforcement of this Order.

(10)     It is hereby agreed to between the parties that any documents or digital images produced subject to this Protective Order that may reference, discuss, outline or disclose any communications between legal counsel and either party in any fashion does not waive the attorney-client privilege or work product doctrine between said legal counsel and either party.  Furthermore, the parties and their attorneys agree to keep any documents or information produced pursuant to this Protective Order and discussed in paragraph 10 herein, confidential and it will not be disclosed or disseminated for any reason, or than for use in this action.

(11)     The inadvertent production of any document or information during discovery in the Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product. No party or entity shall be held to have waived any rights by such inadvertent production so long as the Recipient Party is notified within 30 days of the discovery of such inadvertent production. Upon written request by the inadvertently producing party, the Recipient Party shall (even if the Recipient Party disagrees that the document is privileged) return all copies of the document and not use the information in the document for any purpose until further order of the Court.


                    s/Patrick J. Duggan
                    Patrick J. Duggan
                    United States District Judge
Dated: December 6, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 6, 2010, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager

**Approved as to substance and form;**

/s/  Jesse L. Young (P72614)
Daniel D. Swanson (P29288)
Jesse L. Young (P72614)
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300
dswanson@sommerspc.com
jyoung@sommerspc.com

/s/  Gary W. Francis (P64748)
Mary P. Cauley (P38548)
Gary W. Francis (P64748)
Plunkett Cooney
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4000
mcauley@plunkettcooney.com
gfrancis@plunkettcooney.com

Open.17606.02988.10486998-1